# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 19-3167 |
| Case Name | Allison Lamm v. DeVaughn James, L.L.C. |
| Party or Parties Filing Notice of Appeal Or Petition | Allison Lamm |
| Appellee(s) or Respondent(s) | DeVaughn James, L.L.C. |
| List all prior or related appeals in this court with appropriate citation(s). | U.S. District Court of Kansas, Case No. 6:18-CV-01124 |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.**     Date final judgment or order to be reviewed was **entered** on the district court docket:      July 10, 2019

        **2.**     Date notice of appeal was **filed**:    August 9, 2019

        **3.**     State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):      30 days, Fed. R. App. P. 4(a)(1)(A)

            **a.**     Was the United States or an officer or an agency of the United States a party below?      No

    **b.**    Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:   No

**4.**    Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.**    Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        Not Applicable

    **b.**    Has an order been entered by the district court disposing of any such motion, and, if so, when?

        Not Applicable

**5.**    Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.  Yes

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.**    If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    **b.**    If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?

    **c.**    If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

**6.**    Cross Appeals.

    **a.**    If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

    **b.**    If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold*

    *Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____

**B.**  **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

  **1.**  Date of the order to be reviewed: _____

  **2.**  Date petition for review was filed: _____

  **3.**  Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

  **4.**  Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.**  **APPEAL OF TAX COURT DECISION**

  **1.**  Date of entry of decision appealed: _____

  **2.**  Date notice of appeal was filed: _____

  (If notice was filed by mail, attach proof of postmark.)

  **3.**  State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

  **4.**  Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

**II.   ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    **A.**   Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    **B.**   If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.**   Describe the sentence imposed. _____

    **D.**   Was the sentence imposed after a plea of guilty? _____

    **E.**   If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    **F.**   Is the defendant on probation or at liberty pending appeal? _____

    **G.**   If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**:   In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.   GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Appellant/Plaintiff, Allison Lamm, filed her original complaint in the United States District of Kansas on April 20, 2018 alleging discrimination and retaliation by her employer in violation of The Americans with Disabilities Act (ADA) as amended by The Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101, *et seq*. and retaliation in violation of the ADA and/or the Kansas Act Against Discrimination (KAAD), K.S.A. 44-1001, *et seq* for terminating her employment based on her disability.

Appellee/Defendant is DeVaughn James, L.L.C., a Wichita-based law firm.

Lamm satisfactorily performed her job the entire time she was employed by DeVaughn James. Lamm has suffered from anxiety and panic attacks for several years. After working for DeVaughn James for three (3) years, over a 3-week period, between May 12, 2016 and June 2, 2016, Lamm's anxiety and panic attacks were exacerbated for unknown reasons causing her, at times, to be unable to work. Lamm advised DeVaughn James of her psychological condition and requested to take time off intermittently for flare ups. Lamm sought medical care, including medication and therapy. DeVaughn James initially approved Lamm's intermittent absences for flare ups. Lamm's counselor provided a letter advising DeVaughn James of Lamm's condition and requesting reasonable accommodations. Lamm advised DeVaughn James that she had started medication for her anxiety and that she had changed her birth control (as suggested by DeVaughn James's office manager).

On Friday, June 3, 2016, DeVaughn James disciplined Lamm for her "anxiety" absences making Lamm believe her job was in jeopardy. DeVaughn James further took away any flexibility Lamm had in performing her job, including her ability to reasonably extend deadlines. However, as a reasonable accommodation, DeVaughn James did suggest that Lamm take the next week off (June 6, 2016), unpaid. Lamm declined, explaining, among other things, that taking the following week off, unpaid, would not cure her psychological impairment and would result in her getting behind in work.

DeVaughn James chose not to request additional information from Lamm concerning her disability. DeVaughn James chose not to speak to Lamm's counselor or doctor. DeVaughn James chose not to do any inquiry or research into determining what reasonable accommodations it could offer to assist Lamm in performing her job.

Then, after terminating Lamm for having a disability, DeVaughn James retaliated by opposing her request for unemployment benefits. In its initial response to the KDOL, DeVaughn James admitted that Lamm's attendance issues were due to "anxiety absences". It also admitted that the meeting on June 3, 2016, was a disciplinary meeting. Apparently catching its mistake, DeVaughn James later submitted documents to the KDOL removing any reference to Lamm's disability. Documents produced during discovery show that, without considering the time she missed for anxiety, Lamm was not in violation of DeVaughn James's attendance policy. Moreover, even if she was, the evidence shows DeVaughn James did not terminate every employee for violating its attendance policy.

DeVaughn James' response to the KDOL provides direct evidence of discrimination. DeVaughn James has deliberately made inconsistent statements attempting to deprive Lamm of these protections. DeVaughn James' sophistication as a law firm with advanced legal knowledge highlights the deliberateness of changing its position that Lamm was terminated for "anxiety absences". DeVaughn James amended the documents it provided to the KDOL attempting to deny Lamm unemployment benefits and to put itself in a better position if a discrimination case were filed.

DeVaughn James filed its Motion for Summary Judgment on April 23, 2019. Lamm filed her response on May 30, 2019. DeVaughn James filed its Reply on June 17, 2019. Lamm timely filed a Motion to Strike on July 8, 2019 seeking strike witness' statements, information and documents that were not timely disclosed pursuant to FRCP 26.

The District Court denied Lamm's Motion to Strike and granted DeVaughn James' Motion for Summary Judgement as to all counts. The District Court entered its Judgment on July 10, 2019.

**IV.   IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

    **A.**   Whether the District Court erred in applying the McDonald Douglas burden shifting standard when Lamm submitted direct evidence of discrimination based upon her disability(ies);

    **B.**   Whether the District Court erred when it made improper inferences in favor of DeVaughn James;

**C.** Whether the District Court erred when it made improper inferences against Lamm;

**D.** Whether the District Court erred in denying Lamm's Motion to Strike;

**E.** Whether the District Court erred in finding that Plaintiff did not provide sufficient evidence of pretext;

**F.** Whether the District Court erred in finding that "uncontradicted evidence establishes that the firm at all times considered on-site personal attendance an essential part of the case manager position";

**G.** Whether the District Court erred in finding that Plaintiff did not present a prima facie case of failure to accommodate under the ADA;

**H.** Whether the District Court erred in finding that DeVaughn James engaged in the interactive process with Lamm;

**I.** Whether the District Court erred in finding that DeVaughn James' offer on Friday, June 3, 2016 to take the following week off unpaid was a reasonable accommodation;

**J.** Whether the District Court erred in finding that opposing Lamm's request for unemployment benefits could not be an adverse act;

**V.     ATTORNEY FILING DOCKETING STATEMENT:**

Name: Aaron C. McKee     Telephone: (913) 768-6400

Firm:     McKee Law, L.L.C.

Email Address:     aaronmckee@ksmoemploymentlaw.com

Address:     222 South Cherry Street, Olathe, Kansas 66061

  /s/ Aaron C. McKee     August 23, 2019

Signature     Date

8

## CERTIFICATE OF SERVICE

I, Aaron C. McKee, on behalf of Appellant/Plaintiff, hereby certify that, on August 23, 2019, I served the Docketing Statement via electronic mail to attorneys for Appellee/Defendant, Mr. Mitchell L. Herren and Mr. Jeffery Wilson, at Hinkle Law Firm, LLC, 1617 North Parkway, Suite 400, Wichita, Kansas 67206, (316) 267-2000, mherren@hinklaw.com, jwilson@hinklelaw.com.

Respectfully submitted,

MCKEE LAW, L.L.C.

/s/ Aaron C. McKee
Aaron C. McKee                                    KS # 20889
MCKEE LAW, LLC
222 South Cherry Street
Olathe, Kansas 66061
Phone: (913) 768-6400
Facsimile: (913) 768-6420
aaronmckee@ksmoemploymentlaw.com

**ATTORNEY FOR APPELLANT/PLAINTIFF**